ALLEN, (SMITH v.)
[See Smith v. Allen, Case No. 12,999.]

## Case No. 238.

ALLEN v. SPRAGUE et al.

[1 Blatchf. 567;[1] 1 Fish. Pat. Rep. 388.]

Circuit Court, S. D. New York. Oct. Term, 1850.

PATENTS FOR INVENTIONS — INFRINGEMENT — INJUNCTION—ORIGINALITY—PROVINCE OF JURY.

1. The re-issued patent to Ethan Allen of the third of August, 1844, for an "improvement in the method of constructing locks for fire-arms," is for the same invention as that described in his original patent of November 11th, 1837.

2. Where, on a motion for a provisional injunction in a patent suit, the originality of the invention was strongly denied by affidavit, and it appeared there had been three trials at law on the question of the originality, in the first of which the jury found against the patent, in the second did not agree, and in the third found in its favor, this court suspended a decision on the motion, and ordered the case to be tried by a jury, directing an account to be kept by the defendant in the meantime, and to be reported monthly under oath to the clerk.

3. The question of infringement was also ordered to be tried by the same jury.

In equity. This was a suit in equity [by Ethan Allen] for the infringement of letters patent. [No. 461. See note at end of case.] The bill prayed for an injunction, an account, &c. The patent was for an "improvement in the method of constructing locks for fire-arms," and was originally granted to the plaintiff on the 11th of November, 1837. It was re-issued on an amended specification on the 3d of August, 1844. The plaintiff now moved for a provisional injunction. The opinion of the court states the points involved in the motion.

Francis B. Cutting, for plaintiff.
Seth P. Staples, for defendants.

NELSON, Circuit Justice. 1. We hold that the patent granted to the plaintiff on the 3d of August, 1844, upon his amended specification, is for the same invention as that described in the patent of the 11th of November, 1837; and that the objection taken that the commissioner of patents had no authority to accept the surrender, and to re-issue the patent, is not well founded.

2. The originality of the improvement is denied, and the denial supported by several affidavits, going to show that it had been known and in public use before the discovery by the plaintiff. There have been, it seems, three trials at law upon this question —one in this circuit in April, 1843; and two in the first circuit, one in May, 1845, and the other in June, 1846. The trial in this circuit was on an issue out of chancery; and one of the questions was, whether the plaintiff was the original inventor of the improvement as set forth in his patent. That trial was under the patent of November 11th, 1837. The jury found for the defendants. In respect to the trials in the first circuit,

---

[1][Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

it appears that in the first one the jury did not agree, and in the second the verdict was for the plaintiff. Those two trials were under the patent of August 3d, 1844. As the case stands, therefore, we can hardly regard the question as settled at law. There is a verdict in favor of each party, and a divided jury on a third trial. It is true the trial in this circuit was under the first patent, which has since been surrendered. But, both the old and the new patent are for the same improvement, as clearly appears on comparing the two specifications, the only defect in the first being in the claim; and it does not appear that the cause turned upon this defect. The nisi prius record is before us, and from that it would appear, that there was a very full trial upon both issues presented. Some sixteen witnesses were examined, and two days were consumed in the examination and the arguments of counsel. If the case turned upon a technical objection, not involving the merits, that should have been made to appear on this motion. Upon the whole, considering the result of the trials heretofore had on this patent, and the strong denial, in the affidavits before us, of the originality of the invention, we feel bound to send it to another jury, and to suspend the decision on this motion, directing an account of the manufacture and sales of the locks by the defendants to be kept in the meantime, and to be reported monthly under oath to the clerk.

3. An issue will also be made up and presented for trial before the jury, on the question of infringement in the manufacture of the defendants' locks. We might not have directed this issue if that question were the only one contested on this motion; but as it is a mixed question of law and fact, and the case is to be sent to a trial at law, it is proper that it should form one of the issues.

[NOTE. Patent No. 461, for gun locks, was granted November 11, 1837, to Ethan Allen; reissued (No. 60) January 15, 1844. For other cases involving this patent and reissue, see Allen v. Blunt, Case No. 215; Id. 217.]